PER CURIAM.
 

 In this dissolution proceeding, the parties divorced, remarried and divorced again three months later. Appellee claimed that she was induced by fraud to remarry because Appellant wanted to avoid an alimony award entered after a default during the first divorce. The trial judge found fraud and elected to treat both marriages as one continuous marriage, which was within his discretion given the facts of this case.
 
 See Cox v. Cox,
 
 659 So.2d 1051, 1055 n. 5 (Fla.1995). However, instead of determining alimony based on the circumstances at the time of trial, it appears that the trial judge simply reinstated the alimony award entered in the prior divorce decree without regard to the present financial positions of the parties. No finding was made as to the net income of the parties, the need of the wife and ability of the husband to pay, the standard of living of the parties during the marriage and other factors required by section 61.08(1), Florida Statutes (2007). We, therefore, reverse the alimony award and remand this cause to the trial court to make such findings as required by the statute, based on the conditions as they existed at the time of trial.
 

 In all other respects, the judgment is affirmed.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 SAWAYA, TORPY and EVANDER, JJ., concur.